■ In the Matter of MAMIE ROUNDTREE et al., Appellants, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, which, after a statutory fair hearing, affirmed a determination of the local agency that petitioner Harris was not entitled to "medical assistance" payments for services rendered to petitioner Roundtree pursuant to section 365-a of the Social Services Law, the appeal is from a judgment of the Supreme Court, Westchester County, entered May 6, 1977, which dismissed the petition. Judgment reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and matter remitted to the respondent State commissioner for a *de novo* fair hearing and new determination, in accordance with the holding in *Matter of De Pasquale v Dumpson* (60 AD2d 631, affg 87 Misc 2d 731). This proceeding was instituted prior to our decision in *Matter of De Pasquale v Dumpson (supra),* in which we held, *inter alia,* that the family membership restriction incorporated into section 365-a (subd 2, par [d]) of the Social Services Law by section 1 of chapter 595 of the Laws of 1973, was never intended to apply to previously authorized "home nursing" and "home aid" services, but only to the newly available "homemaker" and "housekeeping" services authorized by the amendment. As a result, neither the petitioners nor the respondents apparently appreciated the significance of establishing whether the nature of the home care services being furnished by petitioner Harris to her aged mother under a medical assistance grant authorized by section 365-a of the Social Services Law properly fell within the "homemaking" or "home aid" category, and no evidence which would have been determinative of the issue was taken at the fair hearing. Instead, the hearing proceeded on the assumption that the nature of the services involved were of the "homemaking" variety (a distinction without a difference under the then prevailing departmental regulations [see 18 NYCRR 505.14 (g) (1)], which treated all home care rendered under section 365-a [subd 2, par (d)] of the Social Services Law identically), and the State commissioner determined that the continued provision of services by the recipient's daughter could no longer be countenanced under the relevant statute (Social Services Law, § 365-a). The adverse determination having been made prior to our decision in *Matter of De Pasquale v Dumpson (supra),* the matter should be remitted to the respondent State commissioner for a *de novo* fair hearing, at which the quality of the care actually being rendered may be fully considered. In consonance with *De Pasquale,* a finding that the nature of the services being provided falls within the category of "home nursing" or "home aid" would render the termination of payments to Mrs. Harris on the ground of familial relation unwarranted. The issue of the constitutionality of the provisions here in question has not

been briefed and has not been considered. Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.